■ 971 MADISON AVENUE CORP., Appellant, v COMPLEX ASSOCIATES, Respondent, et al., Defendant. — Order, Supreme Court, New York County (Greenfield, J.), entered December 16, 1981 granting the motion of defendant Complex Associates to dismiss the complaint as to said defendant, and canceling the notice of lis pendens filed by plaintiff, is unanimously modified, on the law, to the extent that in the first decretal paragraph after the words "CPLR 3211(a)(7)," there is inserted "3211(a)(1)," and the order is otherwise affirmed, with costs to defendant Complex against plaintiff. Plaintiff, as purported assignee of the purchaser under a real estate sales contract, sues the seller under the contract, defendant Complexes (referred to in the caption and in the contract as "Complex Associates"), for specific performance of the contract. Defendant Complexes moved to dismiss the complaint under CPLR 3211 (subd [a], pars 1, 3, 7, 10) and Special Term granted the motion under CPLR 3211 (subd [a], par 7). The grounds for the motion stated in the order to show cause include that there was no valid assignment from Contergy, the buyer named in the contract, to plaintiff, and that the complaint fails to state a cause of action. The purported assignment is attached to the complaint. From an examination of that purported assignment, it is clear that (a) it is not an assignment; and (b) neither legally nor equitably does plaintiff have the right to enforce the contract sued on or to receive its benefits. The contract of sale sued on specifies a purchase price of $7 million; the claimed assignment to plaintiff is an agreement by plaintiff to buy the property for $8.2 million; obviously the plaintiff does not have the right to buy the property for $7 million; plaintiff, however, sues to buy the property for $7 million. In addition, the paper that plaintiff claims to be an assignment simply does not constitute an assignment. There are no words of assignment. The paper does not call itself an assignment but refers to itself as a contract. It is a contract under which plaintiff is to purchase the property. The terms under which plaintiff is to buy the property pursuant to this "contract" are different from those in the original sales contract with defendant Complexes on which plaintiff sues: (a) We have noted that the price is different. (b) The original sales contract is conditioned on the buyer being able to obtain a mortgage commitment of $4.5 million at an interest rate not to exceed 13%, with a term not less than ten years. The

claimed assignment to which plaintiff is a party is conditioned on the buyer being able to obtain a $6 million mortgage at interest rates between 10½% to 12½%, with a term of 15 years. The claimed assignment also contemplates a more formal purchase and sales agreement between defendant Complexes and the original purchaser Contergy and approval of various changes by defendant Complexes. The original sales agreement contains a great many other provisions which are not referred to either specifically or generally in the claimed assignment agreement, and there is no statement whether plaintiff accepts them. Another ground stated in the order to show cause is that the agreement of June 30, 1981 (the claimed assignment) was terminated on August 30, 1981. The claimed assignment is indeed dated June 30 and says that "[t]his contract, unless otherwise herein specified to the contrary, shall terminate in 60 days." The contract is dated June 30, 1981; 60 days thereafter would be August 29, 1981; the action was instituted on September 17, 1981; there is no allegation that the 60 days had ever been extended. Because of the infirmities in the claimed assignment, which is a part of the complaint, plaintiff's complaint was properly dismissible under CPLR 3211 (subd [a], par 7), failure to state a cause of action, and also under CPLR 3211 (subd [a], par 1), a defense founded upon documentary evidence. In view of the infirmities of the claimed assignment to plaintiff, we need not consider whether the complaint should also be dismissed on summary judgment under CPLR 3211 (subd [c]) because of the claimed prior assignment by Contergy to a third party. Concur — Sullivan, J. P., Ross, Silverman, Bloom and Alexander, JJ.